## SUPREME COURT.

ISRAEL HARRIS agt. HENRY CONE.

Where the defendant was arrested under § 179 of the Code (*sub.* 4,) for fraudulently contracting a debt, in obtaining goods ; and, after litigating the charge, was held to bail, and for want of bail was imprisoned ; and subsequently, a complaint in assumpsit for goods sold and delivered, without any averment that they were obtained by fraudulent representations, was served—judgment in assumpsit merely entered by default—execution issued against the defendant's property and returned unsatisfied,

*Held*, that the defendant be *discharged from imprisonment.* The complaint did not aver any fraud, nor the judgment find that any fraud had been committed ; which is essential, under the above section, to hold the body of the defendant.

Final imprisonment for fraud can not be intended or tolerated, without the opportunity to test the truth of the alleged fraud before a jury.

*New-York Special Term, March,* 1853.—Application to discharge defendant from imprisonment.

The defendant was arrested under the 4th sub-division of § 179 of the Code, for fraudulently contracting a debt ; and, after litigating the charge, the defendant was, on the 16*th of September,* 1852, held to bail upon the charge, and for want of bail was imprisoned, where he still remains.

7*th of October,* 1852.—A complaint in assumpsit, for goods sold and delivered, without any averment that the goods were obtained by fraudulent representations, was served. No defence was interposed.

28*th of November,* 1852.—Upon default, judgment was entered against the defendant, in assumpsit. No judgment for fraudulently obtaining the goods.

*15th of December*, 1852.—Execution, which had been issued against the property of the defendant, was returned unsatisfied.   No execution against the body of the defendant has been issued.

*1st of March*, 1853.—Order to show cause why defendant should not be discharged, was allowed.

Three months have expired since the rendition of judgment.

S. D. Van Schaack, *for motion.*

A. K. Hadley, *opposed.*

Morris, Justice.   Sub-division 4, of section 179, provides for holding the defendant to bail, in an action for the recovery of a debt or obligation, when the defendant has been guilty of a fraud in contracting the debt, or in incurring the obligation. To enable the plaintiff to hold the body of the defendant, to satisfy the judgment obtained in such action, the plaintiff in his complaint must aver the fraud with which the defendant contracted the debt or incurred the obligation ; and the judgment must find *that the fraud* was committed.

Section 288 of the Code, provides for cases where the defendant, in the first instance, has not been arrested under sections 179 and 181 ; but where the fraud was alleged in the complaint, and found by the judgment to have been committed.

In this case, as the alleged fraud has neither been alleged in the complaint, or found to have been committed by the judgment, the defendant is entitled to his discharge.  In truth, at least as regards the plaintiff, defendant has been kept in prison from the rendition of the judgment, if not from the service of the complaint, without authority of law.

The spirit of our laws is *non-imprisonment for debt*, and *imprisonment for fraud.*   Final imprisonment for fraud cannot be intended or tolerated, without the opportunity to test the truth of the alleged fraud before a jury.   The foregoing construction of sections 179, 181 and 288 of the Code, is harmonious— in keeping with the principles of non-imprisonment for debt;

and imprisonment for fraud, and with the constitutional right of every citizen to be tried by a jury.

Defendant discharged from imprisonment.